IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAKHBIR BHAMBRA,

    Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD., et al.,

    Defendants.

No. C 09-05508 SI

**ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

On March 16, 2010, the Court issued an order granting defendant's motion to dismiss for lack of federal jurisdiction. At the time the Court issued its dismissal order, it had not yet received plaintiff's response to a show cause order issued on March 3, 2010.[1] The Court has now reviewed plaintiff's submission. Plaintiff does not attempt to set forth any basis for federal jurisdiction, but seeks leave to file a First Amended Complaint ("FAC") asserting several federal claims, including violations of RICO and the mail and wire fraud statutes.

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. Ordinarily, leave to amend is granted with liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, there are several accepted reasons to deny leave to amend, including futility of amendment. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal.

---

[1] Plaintiff's response to the March 3, 2010 OSC was due March 15, 2010. Mr. Bhambra did in fact file his papers on March 15, 2010, but they were not docketed until March 16, 2010, and this Court did not actually receive them until after having issued the March 16, 2010 dismissal order.

*See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Court has reviewed plaintiff's proposed FAC and concludes that permitting plaintiff to amend his complaint to assert claims giving rise to federal jurisdiction would be futile. The proposed FAC simply cites a list of federal statutes, namely 18 U.S.C. § 1964(c) (RICO), 18 U.S.C. § 1001 (false statements), 31 U.S.C. § 3729 (False Claims Act), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud), without offering sufficient factual allegations in support of any of these proposed causes of action. In addition, the proposed FAC cites to two nonexistent sections of the United States Code, 49 U.S.C. §§ 392.9 and 390.2.1.[2]

Accordingly, the Court concludes that permitting amendment of plaintiff's complaint to add the aforementioned federal claims would be futile, and DENIES the motion for leave to file an FAC (Docket No. 23). Because there is still no basis for federal jurisdiction, the Court's prior dismissal of this action, and the judgment upon it, remain in effect.

**IT IS SO ORDERED.**

Dated: March 20, 2010

SUSAN ILLSTON
United States District Judge

---

[2] With respect to the former citation, plaintiff may have intended to refer to 49 C.F.R. § 392.9, a regulation promulgated under the federal Motor Carrier Act. The latter citation does not refer to any existing statute or regulation.

2